IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrius Malik Reddish, | ) | C/A No.: 5:21-3262-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Kenneth Bamberg, Bamberg County Sheriff, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Darius Malik Reddish ("Plaintiff"), proceeding pro se, filed this complaint against Bamberg County Sheriff Kenneth Bamberg ("Defendant"). [ECF No. 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges he has been incarcerated since April 2, 2020, and has "yet to be issued a fair and affordable bond." [ECF No. 1 at 4]. He alleges he has had two bond hearings in which Solicitor David Miller spoke terribly about his character and he was denied a bond. Plaintiff cites S.C. Code Ann. § 17-15-

10[1] for the proposition that he should be given a fair and reasonable bond if a defendant is not charged with a capital offense. *Id.* at 7. He seeks release and $580,000. *Id.* at 9.

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A

---

[1] Plaintiff incorrectly refers to the statute as a federal guideline. The statute states that persons charged with noncapital offenses shall be released on bond "unless the court determines in its discretion that such a release will not reasonably assure the appearance of the person as required, or unreasonable danger to the community or an individual will result." S.C. Code Ann. § 17-15-10.

federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. *Younger* abstention

Plaintiff's complaint is subject to dismissal based upon the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its

progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying these factors to this case, abstention is appropriate. First, Plaintiff is involved in an ongoing state criminal proceeding. If this court were to grant Plaintiff release or a bond, the court would be improperly interfering with a pending criminal state court proceeding. Second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff has had the opportunity to present claims related to his bond in state court during the disposition of his criminal charges. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims.

2.   No allegations against Defendant

Plaintiff's complaint contains no factual allegations against Defendant.[2] To the extent Plaintiff intended to sue Defendant pursuant to 42 U.S.C. § 1983, he has failed to make any personal allegations against Defendant. The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Accordingly, Bamberg is subject to summary dismissal.

3.   Futility

The undersigned finds Plaintiff cannot cure the deficiencies in his complaint by amendment. For the above reasons, any amendment would be futile.

---

[2] To the extent Plaintiff sued Defendant as his custodian, he should have filed a petition for habeas corpus release pursuant to 28 U.S.C. § 2241. However, *Younger* abstention applies to habeas actions, as well. In addition, monetary relief is not available in habeas actions.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 13, 2021                                    Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).