# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Darrius Malik Reddish, ) | Civil Action No.: 5:21-cv-03262-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kenneth Bamberg, Bamberg ) | |
| County Sheriff, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Darrius Malik Reddish, proceeding *pro se*,[1] filed this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1 at 4.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On October 13, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 7) recommending that the court dismiss the action. (*Id.* at 6.) For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation (ECF No. 7) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1).

## I.     BACKGROUND

On October 6, 2021, Plaintiff initiated the instant action in this court alleging that, although he has been incarcerated since April 2, 2020, he has "yet to be issued a fair and affordable bond." (ECF No. 1 at 4.) Plaintiff alleges that he was denied a bond because Solicitor David Miller spoke

---

[1] "Because he is a *pro se* litigant, [Plaintiff]'s pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for [Plaintiff]; the court is not required to recognize [Plaintiff]'s claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

"terribly about his character" during his two bond hearings. (*Id.* at 7.) Plaintiff contends that he should be given a fair and reasonable bond because he has not been charged with a capital offense. (*Id.* at 9 (citing S.C. Code Ann. § 17-15-10).) Based upon the alleged violation of his rights, Plaintiff additionally seeks $1,000 for each day he has been incarcerated since June 4, 2020, the date he alleges his bond should have been set and he should have been released. (*Id.* at 8–9.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

In the Report, the Magistrate Judge began by explaining that Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. (ECF No. 7 at 2.) The Magistrate Judge also explained that the statute allows a district court to dismiss a case upon finding that the action is based on a meritless legal theory. (*Id.* (citing 28 U.S.C. § 1915(e)(2)(B)).)

Turning to the merits of Plaintiff's Complaint, the Magistrate Judge first determined that

under the *Younger* abstention doctrine, the district court should abstain from exercising jurisdiction over Plaintiff's claims to avoid improperly interfering with a pending criminal state court proceeding. (*Id.* at 3–4 (citing *Younger v. Harris*, 401 U.S. 37 (1970)).) Second, the Magistrate Judge determined that Plaintiff failed to make any factual allegations against Defendant to support a cause of action under 42 U.S.C. § 1983. (*Id.* at 5.) Third, the Magistrate Judge determined that Plaintiff cannot cure the deficiencies in his Complaint by amendment and, therefore, any amendment would be futile. (*Id.*) As a result, the Magistrate Judge recommended that the court dismiss Plaintiff's Complaint without prejudice. (*Id.* at 6.)

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (*Id.* at 7 (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)).) However, neither of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on FED. R. CIV. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Report and Recommendation (ECF No. 7)

and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1).

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 2, 2021
Columbia, South Carolina